IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 3:03-CR-370-L (1) |
| | § | |
| JAMES LEE McELHANEY | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is a Request for Reconsideration of the Motion to Dismiss Indictment, filed by Defendant James Lee McElhaney ("Defendant" or "McElhaney") on November 23, 2005.[1] Upon careful consideration of the motion, an unverified letter signed by McElhaney filed November 23, 2005, and the applicable law, the court **denies** Defendant's Request for Reconsideration of the Motion to Dismiss Indictment.

## I.   Request for Reconsideration

McElhaney seeks reconsideration of the court's oral order denying his Motion to Dismiss Indictment, which issued during the September 26, 2005 hearing regarding his Motion to Dismiss Indictment and Notice of Intention to Withdraw Plea of Guilty ("hearing"). The court later affirmed in writing its denial of McElhaney's Motion to Dismiss Indictment as part of its memorandum opinion and order issued November 17, 2005 ("order").

### A.  Legal Standard

A motion for reconsideration in the criminal context is a creation of caselaw, not the federal rules. *United States v. Brewer*, 60 F.3d 1142, 1144 (5th Cir. 1995). "[A]ny request, however phrased, that a district court reconsider a question decided in the case in order to effect an alteration

---

[1]Defendant filed a document entitled "Request for Reconsideration of the Motion and Brief to Dismiss Indictment." The court treats this document as a motion for reconsideration.

**Memorandum Opinion and Order - Page 1**

of the rights adjudicated" should be construed as a motion for reconsideration.  *United States v.*
*Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (internal quotations omitted).

### B.  McElhaney's Contentions

McElhaney contends that the court erred by rejecting his legality argument, which proposes
that his conduct forming the basis of Counts 1 through 5 and 7 through 14 of the superseding
indictment, filed January 21, 2004, was authorized by 22 Tex. Admin. Code § 535.148.  In essence,
McElhaney maintains the superseding indictment is facially defective because it fails to charge a
criminal offense, reasoning that his actions were not criminal according to Texas law, which he
claims is controlling.  Although McElhaney admits committing the actions underlying the above
counts, he insists that, in doing so, he merely accepted undisclosed referral fees from other licensed
brokers.  The gravamen of McElhaney's contention is that, because he accepted such fees, his
conduct is exempt from federal wire fraud liability under 18 U.S.C. § 1343.  McElhaney alleges that
the above counts, including Count 5, to which he pleaded guilty, manifest an "overreaching,
unjustified federalization of [s]tate law."  Req. for Recon. at 2.  Moreover, he contends that he was
not apprised that his conduct violated the law. [2]

### II.  Analysis

This motion is frivolous.  The court has twice explained its basis for rejecting McElhaney's
contention that the above counts, including Count 5, should be dismissed because § 535.148

---

[2]The court's law clerk contacted Jeff Ansley, counsel for the Government, to inquire whether the Government
intended to file a response.  Ansley implied that the Government opposes the motion and reurges its previous briefing,
as well as all argument made at the hearing, but would not file a response.  Accordingly, the motion is ripe for
disposition.

**Memorandum Opinion and Order - Page 2**

permitted him to accept undisclosed referral fees.[3] *The court now explains its reasoning for a third, and final, time.*  The court rejects McElhaney's legality argument because (1) fact issues inherent in the argument impermissibly pierce the merits of McElhaney's case; and (2) the Texas Real Estate Commission regulation at issue is irrelevant to the facial validity of Counts 1 through 5 and 7 through 14 of the superseding indictment.

A motion to dismiss an indictment for the failure to state an offense is a challenge to the sufficiency of the indictment. *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004).  Whether an indictment sufficiently alleges a crime is an issue of law, not of fact.  *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975).  In determining whether to grant a motion to dismiss an indictment, the court must "take the allegations of the indictment as true and [ ] determine whether an offense has been stated." *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998) (citing *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978).  Specifically, the court is to look solely to the four corners of the indictment to see, first, that it contains the elements of the offense charged and fairly informs a defendant of the charge, and second, that it is sufficiently specific to allow a defendant to avoid double jeopardy.  *Kay*, 359 F.3d at 742.  The inquiry cannot address the merits of the case, as the court cannot consider evidence outside of the indictment in making its determination.  *Mann*, 517 F.2d at 267.

The court reaffirms its conclusion that Count 5 of the superseding indictment, to which McElhaney pleaded guilty, charges the essential elements of wire fraud in violation of 18 U.S.C. § 1343 and is sufficiently specific to allow McElhaney to avoid double jeopardy.  *See* Fed. R. Crim.

---

[3]As stated *supra*, the court first stated its reasons for denying McElhaney's Motion to Dismiss Indictment at the hearing, and did so on record and in open court.  *See* Hr'g Tr. at 39-40.  Later, as part of its memorandum opinion and order issued November 17, 2005, the court incorporated by reference its findings made at the hearing.  *See* Order at 3 n.2.

P. 7(c).  Count 5 fully apprised McElhaney of wire fraud; in fact, it contains the words "[w]ire [f]raud," "defraud," and "fraudulently."  Superseding Indictment at 12.  Moreover, in no way does the superseding indictment violate due process.  In determining the fate of the motion, the court took as true the allegations stated in the superseding indictment.  *See Mann*, 517 F.2d at 266.  McElhaney pleaded guilty to Count 5 after receiving a litany of admonitions concerning the consequences of entering such plea.  Accordingly, the court repeats its conclusion, stated on record at the hearing, that McElhaney reads the superseding indictment much too narrowly.  *See* Hr'g Tr. at 31.[4]  In other words, to the extent McElhaney argues that Count 5, or other any other count, does not charge conduct beyond that of accepting undisclosed referral fees, the court once again concludes that such contention is incorrect.

The effect of McElhaney's legality argument, regardless of its intention, is to insert or raise factual issues under the guise of a legal attack.  The court concluded, and still believes, that McElhaney's legality argument is his swan song for why he is not guilty - one that he makes despite admitting the factual allegations contained in Counts 1 through 5 and 7 through 14, and in spite of the court's repeated message that it cannot conduct a mini-trial of the merits, but must, and did, take the allegations stated in the superseding indictment as true.

---

[4]McElhaney claims the court erred by issuing an oral order denying his motion to dismiss indictment "without comment, nor expressed opinion . . . ."  Req. for Recons. at 1.  He is flat wrong.  At the hearing, the court on record stated the following:

> The court determines that the [superseding] indictment as to Count 5 sufficiently sets forth allegations to charge an offense.  As the court stated several times before, what it has heard are matters that go to the merits of the case.  And that is not a proper inquiry or analysis to be conducted by the court. Since the indictment is sufficient on its face from the court's perspective, the Defendant may not properly challenge the indictment, and therefore, the court denies the motion to dismiss.

Hr'g Tr. at 40.

**Memorandum Opinion and Order - Page 4**

Alternatively, but equally important, the Texas Real Estate Commission regulation at issue, 22 Tex. Admin. Code § 535.148, is irrelevant to the facial validity of Counts 1 through 5 and 7 through 14 of the superseding indictment, which charge the federal violations of mail fraud, wire fraud, money laundering, and illegal money transactions.  Put simply, the regulation McElhaney cites in no way relates to the federal offense of wire fraud in violation of 18 U.S.C. § 1343, as alleged in Count 5.  *Cf. United States v. Scallion*, 533 F.2d 903, 910 (5th Cir. 1976) (holding, in affirming the denial of a motion to dismiss indictment, that a Nevada gambling law appellants cited in hopes of demonstrating that their actions were legal "is irrelevant to the federal offense of using interstate wire facilities in carrying out a scheme to defraud the casinos . . . .").  The court refuses to believe that conduct contemplated by §535.148 includes actions taken for the purpose of executing a scheme to intentionally defraud.  *See id.*[5]  Rather, the court affirms its conclusion that McElhaney's actions exemplify conduct within the purview of 18 U.S.C. § 1343.

## III.    Conclusion

For the reasons stated herein, stated in the court's memorandum opinion and order issued November 17, 2005, and stated by the court on record at the hearing, the court **denies** McElhaney's Request for Reconsideration of the Motion to Dismiss Indictment.  The sentencing hearing **will proceed** pursuant to the court's order issued November 22, 2005.

---

[5]For example, McElhaney's conduct is antithetical to the Texas Real Estate Commission Canon of Professional Ethics and Conduct "Fidelity," which states, among other things, "that the real estate agent place no personal interest above that of the agent's client."  22 Tex. Admin. Code § 531.1(3).

**Memorandum Opinion and Order - Page 5**

**It is so ordered** this 29th day of November, 2005.


Sam A. Lindsay
United States District Judge